RAMOS *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 109.—Decided January 25, 1912.

POSSESSORY TITLE PROCEEDINGS—IRREMEDIABLE DEFECTS—NATURE OF RIGHT SOUGHT TO BE RECORDED.—In order that a property be admitted to record in

the registry on the strength of possessory title proceedings instituted by a husband in the name of his wife it is necessary to show whether said property is considered as property of the conjugal partnership or as the private property of the wife, and proceedings failing to set forth this contain an irremediable defect which prevents its admission to record.

ID.—EVIDENCE OF CIVIL STATUS OF PARTY INSTITUTING THE PROCEEDINGS.—It is not an indispensable requisite to possessory title proceedings that the civil status of the party commencing the proceedings at the time of making the purchase of the property therein mentioned be shown, as that is a fact which can be established by any admissible evidence.

ID.—REMEDIABLE DEFECTS—WITNESSES IN POSSESSORY TITLE PROCEEDINGS—EVIDENCE THAT THEY ARE PROPERTY OWNERS—POWERS OF REGISTRARS.—It appearing from the record that the witnesses testified under oath and in the presence of the judge as to their residence and as to whether or not they owned property, and that the judge held that such requirements of the law had been duly proven, such finding of the judge should be accepted by the registrar.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On October 27, 1899, Ramón Ramos García, on behalf of his wife, Dolores Ortiz y Ferrer, commenced proceedings in the Municipal Court of Caguas to obtain a possessory title. It was then alleged by him that she was the owner of a tract of land composed of eight *cuerdas* purchased by her about six years before, during all of which time she has been in possession thereof without opposition from anyone. The facts set forth to be established in that proceeding were: First, that she was in possession of the land in her own right, and second, that she had been in such possession for over six years.

In these proceedings the municipal judge of Caguas, in accordance with the law, rendered a decision on November 2, 1899, granting the application. Upon presentation of the instrument for record in the registry of property for that district, the registrar refused to admit it on the grounds appearing in the following decision from which this appeal has been taken:

"The admission of the foregoing instrument to record is hereby denied, because it contains the incurable defect of not stating the nature of the right sought to be recorded in a way which would leave

no·ground for doubt, it being now impossible to infer from its con-
tents whether or not the land can be said to belong to the community
property or to the sole.ownership of Dolores Ortiz y Ferrer, a con-
fusion which would have been avoided by a declaration in the record
giving the civil status of Dolores Ortiz Ferrer at the time of making
the purchase. In lieu thereof a cautionary notice effective .for 120
days has been entered at folio 100 of volume 33 of this municipality,
property No. 1615, entry letter A. Another ground for not admitting
the document to record is the curable defect that it fails to set forth
whether the witnesses who testified at the proceedings own property
·within the district where the land is located. Caguas, P. R., Septem-
ber 23, 1911.'' ·

We shall first consider the incurable defect. Ramón Ra-
mos, the appellant, says that as his wife acquired the land at
a time when she was his wife the land should, therefore, be
considered as community property. But upon examining the
records of the proceedings we have not come across any state-
ment by him to that effect in any part thereof.. The land can-
not be recorded as the private property of the wife because,
although this seems to have been the purpose aimed at by the
proceedings we find that no statement was made in the course
of the same or that any evidence was introduced to the effect
that Dolores Ortiz made the purchase of the property with
money of her own before or after she married the appellant.
Neither can the land be recorded as community property be-
cause, although it has been made to appear that it was ac-
quired for a valuable consideration, no proof has been given
that the purchase was made at any time during the married
life of the parties.

The decision of the registrar, as far as his refusal to ad-
mit the proceedings to record is concerned, should be af-
firmed, but it should be made clear that the civil status of
Dolores Ortiz at the time she made the purchase did not neces-
sarily have to be brought out in the proceedings, as that is a
question which can be established by admissible evidence.

Let us now consider the curable defect indicated by the
registrar.

We do not believe that such a defect exists because from the record of the proceedings it appears that the witnesses, under oath and in the presence of the judge, testified as to their residence and as to whether or not they owned property, and the finding of the judge that such requirements were complied with to his satisfaction ought to be accepted by the registrar in pursuance of the doctrine established in the decision of March 8, 1892, of the General Directorate of Registries of Spain, which, literally copied, reads as follows:

"*Whereas*, the determination of the qualifications and civil status of the witnesses in proceedings for a possessory title is the exclusive function of the judge conducting the examination and passing upon the evidence, to which end he may compel the production of documentary evidence sufficient to enable him to satisfy himself fully that the legal qualifications of the witnesses have been properly ascertained;

"*Whereas*, once such qualifications have thus been ascertained by the judge from the evidence admitted and considered by him sufficient, it is not proper for the registrar to go into such matters in his decision, as the proper course for him to follow is to admit as positive proof the facts that those allowed to testify by the only authority with power to admit or reject them are residents and property owners; and

"*Whereas*, this doctrine emanating from the necessity of restricting the decisions of registrars in connection with documents issued by the courts, while showing due respect to the functions of the registrar, secures for the judge sufficient latitude to conduct independently the proceedings of which the taking and weighing of testimony is only a part." * * *.

For the foregoing reasons the decision of the registrar should be affirmed in so far as its admissible parts are concerned, but should be reversed as to those not in accordance with this opinion.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.